**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-4345**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD MCDUFFIN WILLIAMS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00024-GMG-RWT-1)

───────────

Submitted:  May 20, 2026                          Decided:  July 23, 2026

───────────

Before NIEMEYER, WYNN, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Charles T. Berry, Kingmont, West Virginia, for Appellant.  Matthew L. Harvey, United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald McDuffin Williams pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and was sentenced to 104 months' imprisonment. Williams appeals the district court's denial of his motion to withdraw his guilty plea, challenges his indictment under the Speedy Trial Act, and argues that the district court did not have authority to order his sentence to run consecutively to his anticipated revocation sentence in another federal district court. We affirm.

First, Williams argues that he should have been permitted to withdraw his guilty plea based on his counsel's alleged conflict of interest during plea negotiations.

We review the district court's denial of Williams's motion to withdraw his guilty plea for abuse of discretion. *United States v. Mayberry*, 125 F.4th 132, 140–41 (4th Cir.), *cert. denied*, 145 S. Ct. 2722 (2025). To withdraw his guilty plea, a defendant must "show a fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), one of which may be that the defendant did not have "close assistance of competent counsel," *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

We assess a claim of ineffective assistance of counsel arising from an actual conflict of interest based on the standard articulated in *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Under *Sullivan*, a defendant must show that (1) "an actual conflict of interest" (2) "adversely affected his lawyer's performance." *Id.* at 348. An actual conflict exists when a lawyer "fails to take action on behalf of one client because it would adversely affect another." *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007) (citation omitted).

2

To show an adverse effect, the defendant must (1) "identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued," (2) "show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision," meaning that it was "clearly suggested by the circumstances," and (3) "establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict." *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001) (quotation omitted).

Here, Williams has shown neither an actual conflict nor an adverse effect. Williams alleges that a conflict arose through his attorney's representation of both Williams and Mario Crawley, who had communicated with Williams on the day Williams was arrested, and that the conflict caused his attorney to not obtain the cell phone of a government witness who had cooperated in the investigation. Williams does not explain how any information on the cell phone would have adversely affected Crawley. But even assuming a conflict, he does not show that seeking to obtain the information contained on the cell phone was "clearly suggested by the circumstances." *Id.* As his subsequent counsel explained to the district court, it was unclear if the information on the cell phone would be inculpatory or exculpatory. It was thus not at all clear that counsel should seek that evidence instead of pursuing a favorable plea agreement. Thus, we affirm the district court's denial of Williams's motion to withdraw his guilty plea.

Second, Williams argues that his indictment should be dismissed under the Speedy Trial Act, 18 U.S.C. § 3161. But a defendant "waives his or her speedy trial claim by entering a guilty plea." *United States v. Lozano*, 962 F.3d 773, 780 (4th Cir. 2020).

3

Finally, Williams argues that the district court erred by ordering his sentence to run consecutively to his anticipated revocation sentence in the District of Maryland.

Because Williams did not object below, we review for plain error. *United States v. Obey*, 790 F.3d 545, 547 (4th Cir. 2015). Thus, Williams "must show that an error occurred, that it was plain, and that it affected his substantial rights." *Id.* Even then, "we will correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

As the government concedes, the district court plainly erred. A district court does not have authority to order "that its sentence run consecutively to an anticipated federal sentence." *Id.* at 549. Nevertheless, the government argues that the error did not affect Williams's substantial rights.[*]

We agree. A few months after this sentencing, a district court in Maryland ordered Williams to serve his revocation sentence consecutively to his earlier federal sentence. That outcome conforms with U.S.S.G. § 7B1.3(f), which states that a revocation sentence "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving."

---

[*] Williams contends that unauthorized sentences automatically fulfill this requirement. But there is only a "very limited class" of errors that "automatically satisfy" the substantial-rights prong, and Williams has not pointed to any authority suggesting that this error falls within it. *United States v. Ramirez-Castillo*, 748 F.3d 205, 215–16 (4th Cir. 2014); *cf. United States v. Brown*, 136 F.4th 87, 93 (4th Cir.), *cert. denied*, 146 S. Ct. 391 (2025) (holding that *Apprendi* errors "are not structural errors but discrete defects that can be reviewed on appeal for their effect on the outcome of the proceeding").

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*